IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:12CR00044 |
| v. | ) | |
| | ) | |
| DAVID CLINE, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:13CR00008 |
| | ) | |
| ROSIE D. RITCHIE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Benjamin L. Bailey, Christopher S. Morris, and Michael B. Hissam, Bailey & Glasser LLP, Charleston, West Virginia, for Defendants.*

The issue before the court is whether it should permit the dual representation by counsel of two criminal defendants who are charged as part of the same criminal scheme, where one of the defendants has pleaded guilty and will testify for the government at the trial of the other defendant. I ordered the defendants to show cause why I should not require that they be represented by separate counsel. *United States v. Cline, et al,* Nos. 1:12CR00044, 1:13CR00008 (W.D. Va. Apr. 19, 2013). The issue has been fully briefed by the parties. For the reasons stated below, I will permit present defense counsel to continue with their dual representation of the co-defendants, subject to certain conditions.

I

Defendant David Cline is charged with conspiracy and structuring relating to a so-called "ten-percent check cashing scheme." The government contends that the scheme, a purpose of which was to avoid payment of federal income taxes, involved fictitious sales of coal mining equipment. Over a period of time, the government alleges, the sellers provided false invoices to certain mining companies. A mining company involved in the scheme would pay the invoice to the equipment company by check and in return the equipment company would deposit the check and return cash to the company, less ten percent as a fee. No actual sale of equipment would be involved, but the mining company would deduct

the invoice amount as a business expense and pocket the cash and not report it on its income tax return. In addition, some of the mining companies used the cash to pay their employees "off the books," so that they did not pay the required employment taxes and the employees did not report the income.

It is further alleged by the government that the equipment companies would "structure" their cash withdrawals in amounts of $10,000 or less, in order to avoid bank reporting requirements and that the mining companies aided and abetted this structuring.

Numerous individuals were allegedly involved in this scheme, and many have been charged. A number have already pleaded guilty and have agreed to cooperate with the government. Four defendants who have pleaded not guilty are charged in a single case which is set for trial. Those defendants are Cline, his son, Joshua Cline, William Adams, and John Ward. All were coal mine operators.

One of the participants in the scheme who has pleaded guilty and is awaiting sentencing is Rosie D. Ritchie. She worked for certain other mine operators as a bookkeeper. She knew J.D. McReynolds, a mine equipment seller who it is claimed was at the center of the scheme, and she facilitated her employers becoming involved. The government plans to call her as a witness in its case-in-chief at the upcoming trial of Cline and his codefendants. She does not know Cline (and he does not know her) and she cannot directly link him to the scheme,

although the government will contend that her description of the scheme will match details of other evidence against Cline and thus support its case against him.

Both Cline and Ritchie are represented by lawyers from the firm of Bailey & Glasser LLP ("Bailey & Glasser"). Attorney Christopher S. Morris, a partner with Bailey & Glasser, represented Ritchie in negotiating her plea agreement beginning in late 2011. Cline approached Bailey & Glasser about possible representation in this matter in September 2012. Bailey & Glasser attorneys Morris, Benjamin L. Bailey, and Michael B. Hissam commenced representation of Cline shortly thereafter. Attorneys Bailey and Hissam have never met Ritchie and have not been personally involved in her representation.

Cline's attorneys have advised the court that they do not contest Ritchie's expected testimony, although they will dispute its implications as to Cline. They say that they do not intend to attack Ritchie's credibility at Cline's trial. Their clients have both signed written waivers of any such potential conflict. In addition, I questioned both defendants on the record and both stated that they understood the situation and agreed to the dual representation. Their attorneys assured the court that if any matters come to their attention prior to trial that would require them to take positions adverse to either of the clients, they would promptly advise the court.

The government has expressed concern about this dual representation, pointing out, among other issues, that if it appears that Ritchie shaved her testimony in some way to help Cline, she may lose an opportunity to obtain a motion from the government for a lesser sentence based upon her substantial assistance in Cline's prosecution.

II

The Sixth Amendment right to counsel includes the right of a defendant to be represented by counsel of his or her choice. *See Wheat v. United States*, 486 U.S. 153, 164 (1988). The presumption in favor of a defendant's chosen counsel can, however, be overcome by a showing of a serious potential for conflict. *Id.* District courts have significant discretion when deciding whether to accept or reject waivers of conflict of interest. *Id.* at 163.

Virginia Rule of Professional Conduct 1.7 provides that, absent valid client consent, an attorney shall not represent a client if, inter alia, "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." Va. Rules of Prof'l Conduct 1.7(a).[1] The client's informed, written consent to representation by the lawyer despite such

---

[1] The Virginia professional responsibility rules constitute the applicable disciplinary rules of this court. W.D. Va. Rules of Disciplinary Enforcement IV(B). All attorneys, including those admitted pro hac vice, are subject to these rules. W.D. Va. Gen. R. 6(h).

a conflict is valid if "the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client" and "the representation is not prohibited by law." *Id.* 1.7(b). Comment 23 to the rule states, "The potential for conflict of interest in representing multiple defendants in a criminal case is so grave that ordinarily a lawyer should decline to represent more than one codefendant. On the other hand, common representation of persons having similar interests is proper if the risk of adverse effect is minimal and the requirements of paragraph (b) are met." *Id.* 1.7 cmt. 23.

When lawyers are associated in a firm, such as here, "none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so [by Rule 1.7]." *Id.* 1.10(a). "Such situations can be considered from the premise that a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to the client . . . ." *Id.* 1.10 cmt. 2.

III

I find that under the present circumstances, representation of Ritchie and Cline by attorneys in the same law firm does not raise any significant risk of an impermissible conflict of interest. Ritchie's testimony will provide only background information about the alleged check-cashing scheme and will not supply any particular link to Cline. Indeed, Ritchie does not know Cline or

anything about him. As such, Cline's attorneys do not foresee a need to vigorously cross-examine Ritchie or impeach her credibility. I thoroughly questioned both Cline and Ritchie about their dual representation by Bailey & Glasser attorneys, and both defendants clearly consented to the representation. The attorneys reasonably believe that they will be able to provide competent and diligent representation to both Ritchie and Cline. Therefore, I will not require the disqualification of Bailey & Glasser.

Nevertheless, to avoid any appearance of split loyalties and minimize the possibility of a perceived conflict, I will require Ritchie's local counsel, Joseph B. Lyle, to represent Ritchie at all future meetings with the government in preparation for Cline's trial. In addition, attorney Morris, who has personally represented Ritchie, will not be permitted to appear further on Cline's behalf.

It is so **ORDERED**.

ENTER: May 21, 2013

/s/ James P. Jones
United States District Judge